IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROY TRIPLETT, P.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-CV-861-ODS |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING PLAINTIFF'S CLAIMS

On August 4, 2016, Plaintiff Roy Triplett, P.C. paid his filing fee and filed a complaint. Doc. #2. Shortly thereafter, Plaintiff amended his complaint. Doc. #8. Although this matter has been pending for a matter of weeks, Plaintiff has filed nine pleadings entitled "Brief." Docs. #3-7, 9-12. As set forth herein, Plaintiff's claims are dismissed.

### I. HISTORY WITH PLAINTIFF

Plaintiff has been a frequent pro se filer of unsuccessful actions in this Court. *See Triplett v. Obama*, Case No. 15-CV-520-BCW (W.D. Mo. Nov. 20, 2015) (Doc. #12) (denying Plaintiff's motion for leave to proceed *in forma pauperis* and noting "Plaintiff's claims are unintelligible and fail to adequately state any claim upon which relief can be granted."); *Triplett v. United States Postal Serv.*, Case No. 14-CV-63-HFS (W.D. Mo. Feb. 3, 2014) (Doc. #8) (denying Plaintiff's motion for leave to proceed *in forma pauperis*, stating "plaintiff's allegations are unintelligible and fail to adequately state any claim upon which relief may be granted."); *Triplett v. Office of United States Dep't of State*, Case No. 13-CV-912-DW (W.D. Mo. Nov. 21, 2013) (Doc. #62) (dismissing sua sponte Plaintiff's lawsuit, stating that Plaintiff's allegations were "unclear, intelligible" and he failed to state any claim upon which relief may be granted); *Roy Triplett PC v. United States Postal Serv.*, Case No. 13-CV-463 (W.D. Mo. Dec. 26, 2013) (Doc. #83) (dismissing lawsuit for failure to effectuate service and failure to state a claim upon which relief may be granted); *Triplett v. Rockhurst Univ.*, Case No. 01-CV-395-ODS

(W.D. Mo. Apr. 16, 2011) (Doc. #4) (denying Plaintiff's motion for leave to proceed *in forma pauperis*); *Triplett v. Lindsey*, Case No. 00-CV-1129-GAF (W.D. Mo. June 26, 2001) (Doc. #18) (dismissing matter for failure to obtain service upon defendants); *Triplett v. Univ. of Missouri-Kansas City*, Case No. 00-CV-1127-FJG (W.D. Mo. Mar. 28, 2002) (Doc. #49) (dismissing lawsuit for failure to state a claim and for insufficiency of service of process). Many Judges noted Plaintiff's frequent, unsuccessful attempts to bring claims in this Court.

Plaintiff's claims have faced a similar fate in the United States District Court for the District of Kansas. In 2014, the District of Kansas dismissed Plaintiff's lawsuit against an "SSA Clerk" and several others. *Triplett v. Jeaneas*, Case No. 14-CV-2054-CM-JPO (D. Kan. Mar. 10, 2014). Judge Murguia found Plaintiff "failed to set forth any facts giving rise to his purported cause(s) of action" and it was not "apparent from the complaint (or his subsequent amended complaint) just what his causes of action" were. *Id.*, Doc. #44, at 3. Judge Murguia noted Plaintiff "fail[ed] to include any allegation about [the named] defendants" or the alleged conduct in which any of the defendants engaged *Id.*, at 4. The Court found Plaintiff's factual allegations were insufficient to support his claim, "whatever those may be." *Id.*, at 4.

But Judge Murguia's recent decision is not the only time Plaintiff unsuccessfully attempted to bring claims in the District of Kansas. In 2005 and 2011, Plaintiff's claims were dismissed as unintelligible, and the dismissals were upheld on appeal. *Triplett v. Triplett*, Case No. 04-CV-2223-CM-JPO, 2005 WL 2122802, at *1 (D. Kan. Aug. 8, 2008) (dismissing Plaintiff's claims because the court could not "divine a viable claim from plaintiff's complaint" and his "pleadings consist[ed] of little more than unintelligible ramblings."), *aff'd*, 166 F. App'x 338, 340 (10th Cir. 2006); *Triplett v. U.S. Dep't of Def.*, Case No. 11-CV-2105-SAC (D. Kan. Apr. 20, 2011) (Doc. #15) (dismissing Plaintiff's claims for failure to state a claim), *aff'd*, 441 F. App'x 618, 619 (10th Cir. 2011) (finding it was "plainly evident that the district court did not err by dismissing Mr. Triplett's complaint for failure to state a claim"). Plaintiff's numerous and unintelligible filings are nothing new to this Court or the District of Kansas.

2

## II. STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement" of the grounds for the court's jurisdiction, claim showing the plaintiff is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). To state a claim for relief, a claim must be plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for the dismissal of lawsuits that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a pro se complaint should be given liberal construction, the essence of an allegation must be discernible and the complaint should state a claim as a matter of law. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted); *Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980) (citation omitted).

"Without question, a district court has the power to dismiss a complaint *sua sponte*, but only where plaintiff cannot possibly prevail and amendment would be futile." *Bucklew v. Lombardi*, 783 F.3d 1120, 1127 (8th Cir. 2015) (citation omitted). The dismissal does not require prior notice under Rule 12(b)(6) "when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (citation omitted); *see also Porter v. Fox*, 99 F.3d 271, 273-74 (8th Cir. 1996) (citations omitted) (finding a district court may dismiss a case *sua sponte* prior to service of process if the complaint is frivolous).

## III. DISCUSSION

From what the Court can discern, Plaintiff appears to bring claims against 91 Defendants arising from events that occurred in 1986. Doc. #8.[1] These Defendants include but are certainly not limited to the United States; federal agencies; state departments and employees thereof; correctional facilities and employees thereof;

---

[1] Dates in October 1986 are referenced fourteen times in Plaintiff's Amended Complaint. Doc. #8, at 14, 15, 16, 18, 22, 25, 31, 36, 72, 73, 78, 86, 94, 95.

3

police departments, commissioners, and officers, medical professionals; and medical facilities and employees thereof.

Plaintiff failed to set forth any factual allegations regarding nearly half of the defendants he identified. There are no factual allegations pertaining to the Federal Bureau of Prisons, Loretta Lynch, Chris Koster, Eric Lowe, Susan Suddeth, John Hickey, Lane Robert, Darryl Forte, Missouri Division of Professional Registration, Jefferson City Correctional Center, Jefferson City Correctional Center for Women, Dr. Gary Lipinski, James Whitman, James Williams, Samuel Davis, Jonathon Williams, Herbert Johnson, Thelma Williams, Michael Pazzinni, Craig Brady, James Williams, Trent Williams, Trent Dilfer, Dr. Karen Sarenka, Dr. Joshua Broghammer, Urology Clinic, Research Medical Center, Georgetown University Medical Center, Joliet Correctional Center, Attica Correctional Facility, Sing Sing Prison, Menard Corrections Center, Missouri Department of Corrections, St. Louis Police Department, Shreveport Police Department, and Federal Correctional Institution – Terminal Island. Doc. #8. These people and entities are listed in Plaintiff's Amended Complaint, but Plaintiff failed to set forth any factual allegations supporting claims against any of these people or entities. Doc. #8. Accordingly, Plaintiff's Amend Complaint fails to comply with Rule 8, and fails to state a claim against, at a minimum, those Defendants he simply named.

Additionally, much of Plaintiff's Amended Complaint is unintelligible.[2] Many of sentences go on for pages and are incoherent and incomprehensible. By way of example, one sentence reads as follows:

> The Plaintiff must require for the admissibility of genetic DNA fingerprints of attackers, and the evidence of all illegal use of medical treatments of the Hematology Gas Thermolopoly Procedures, Electronic Bone Graph Exam, Cranial-3 Syringe Injections of A.I.D.S. (Acquired Immune Defencienty [sic] Syndrome), Factory into human brain, Inhalation Tube Resister, Graham Electrics Rhino Binert, Keaopackte [sic] Shards of Nails illegally inserted through anal cavity, the lacerated scars of abdominal wall unto the induced state of hiatal hernia, Angular Tourniquet Release Procedure for the result of broken Interior Cruciate Ligament, Anterior Cruciate Ligament, the broken jaw bone unto fracture strikes of a heavy metal pipe, and the Osgood Schlatter Disease of the right knee, illegal

---

[2] Both Judge Wimes and Judge Sachs made similar determinations. *Triplett v. Obama*, Case No. 15-CV-520-BCW (Doc. #12); *Triplett v. United States Postal Serv.*, Case No. 14-CV-63-HFS (Doc. #8).

4

> reduction of height from 7'6.08" unto 5'6.3", and the crime victim of attempted murder during the anesthetic sleep of the agreed unto rectal colonoscopy lift surgeries of October 19, 1986.

Doc. #8, 35-36.[3] Another example states the following:

> Thus, the Plaintiff may claim a duration of punitive damages, for the premeditated states of all illegal times of elongated surgery that have been an overlap of purposeful states of basic culpability standards, to be confirmed unto the Federal Sentencing Guidelines of Health Care Fraud, and the evidence of medical malpractice. Finally, the Plaintiff has claimed all injuries for the long-term reporting of the "Line of Duty Compensation Act" of RSMO's 287.243.1.Line of duty compensation--definitions--claims procedure-no subrogation rights for employers or insurers--grievance procedures--sunset date--fund created; use of moneys, and the effect of all clinical evaluations of a permanent or total disability reporting of RSMO's 287.200.Permanent total disability, amount to be paid--suspension of payments, when--toxic exposure, treatment of claims, RSMO's 287.195.Claims for hernia, proof required, RSMO's 487.090.

Doc. #8, at 41-42. These are only two examples stemming from Plaintiff's 273-page Amended Complaint. The Court, after careful review of the Amended Complaint, is unable to discern what claims Plaintiff is asserting and which Defendants are liable for said claims.

Plaintiff utilizes words and phrases such as "workers' compensation," "subrogation," "negligence," "criminal negligence," "aiding and abetting of the reckless abandonment," "premeditated states of malice-afterthought," "armed criminal actions," "conspiracy," "attempted murder," "civil rights violations," "false imprisonment," "illegal prostitution," "aggravated criminal assault," "blatant terrorism," "offensive contact battery," and "intentional infliction of emotional distress" in his Amended Complaint. But simply setting forth legal conclusions, or in this case, legal terms, does not state a plausible claim for relief. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (finding "legal conclusions or formulaic recitation of the elements of a cause of action" may be set aside) (citation and internal quotation omitted).

While Plaintiff mentions "medical malpractice" in his Amended Complaint, that phrase is utilized in conjunction with events that occurred in October 1986. For example, Plaintiff states the following:

---

[3] All excerpts from Plaintiff's Amended Complaint are taken exactly from that document.

5

> However, the conditions of medical malpractice are now represented, on the grounds of the effects of all announced disfigurements of a depolarization of the large intestine, from the anatomical structures of the corpus carnavesum, corpus spongilisium, and the head of the mail penis, such as the anatomical dysfunction may be stated for "intussusception", "volvulus", "Loop of Burnace", and "compacted hiatal hernia", for the basis of all illegally performed medical procedures that have been announced unto the definition of a "compacted hiatal hernia".

Doc. #8, at 18-19.  In Missouri, there is a two-year state of limitations for medical malpractice claims.  Mo. Rev. Stat. § 516.105 (stating medical claims, with limited exceptions, "shall be brought within two years from the date of occurrence of the act of neglect complained").  Plaintiff, however, has not alleged how he can bring a plausible claim for medical malpractice nearly thirty years after the alleged negligence occurred.  And he has not alleged facts connecting all Defendants to the alleged medical malpractice.

The Court finds Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure and further finds that Plaintiff has failed to set forth plausible claims against Defendants.  It is patently obvious to this Court that Plaintiff could not prevail based upon the facts he alleged in the Amended Complaint.  It is evident from Plaintiff's history as a frequent filer in this Court and in the District of Kansas that he is unable to craft a complaint that complies with Rule 8.  For that reason, the Court declines to entertain a motion of reconsideration or any similar motion that asked the Court to change its position in this case.  Accordingly, the Clerk is directed to accept no additional filings in this case other than a Notice of Appeal.  The Clerk is further directed to return all filings in this case, other than the Complaint and Amended Complaint, to Plaintiff.

IT IS SO ORDERED.

DATE:  August 29, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT